[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 5, 2007
THOMAS K. KAHN
CLERK

No. 06-12391
Non-Argument Calendar

_____

D. C. Docket No. 03-01720-CV-JEO-S

CONSTANCE AGEE,

Plaintiff-Appellant,

versus

JOHN E. POTTER,
Postmaster General,
UNITED STATES OF AMERICA,

Defendants-Appellees,

ROBERT REESE,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 5, 2007)

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Constance Agee, an African-American female, appeals from the district court's grant of summary judgment on her claim of sexual harassment against her employer, the Postal Service,[1] in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 ("Title VII"), based on its finding that the employer's alleged misconduct was not sufficiently severe or pervasive to alter the terms and conditions of her employment. The district court looked at some, but not all, of the acts Agee alleged, based on a failure to exhaust administrative methods, and Agee argues for the first time on appeal that the district court erred by not considering all of the harassing conduct that she was subjected to over a period of three years on an ongoing and daily basis.

We review a district court's grant of summary judgment de novo, viewing all evidence in a light most favorable to the non-moving party. Dees v. Johnson Controls World Servs., Inc., 168 F.3d 417, 421 (11th Cir. 1999). Under Rule 56, summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is

_____

[1]Hereinafter, the Postmaster General, and John E. Potter, in his official capacity, will be referred to collectively as the "Postal Service."

entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). "When reviewing a grant of summary judgment, the court of appeals may affirm if there exists any adequate ground for doing so, regardless of whether it is the one on which the district court relied." Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234, 1251 n.17 (11th Cir. 2001).

Title VII makes it an "unlawful employment practice" for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). "All personnel actions affecting employees or applicants for employment . . . in the United States Postal Service . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).

Before filing a Title VII action in district court, an employee must first file a charge of discrimination with the EEOC. Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004). After properly exhausting the administrative remedies and "[a]s long as allegations in the judicial complaint and

3

proof are reasonably related to charges in the administrative filing and no material differences between them exist, the court will entertain them." Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989). Nevertheless, "[a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate." Id.

In determining whether a sexual harassment hostile work environment claim has been timely filed, "[i]t does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claims occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117, 122 S.Ct. 2061, 2074, 153 L.Ed.2d 106 (2002). "A court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period." Id. at 120, 122 S.Ct. at 2076. For an act to be considered part of an actionable hostile work environment claim, it must be of "a sexual or gender-related nature." See Gupta v. Florida Board of Regents, 212 F.3d 571, 583 (11th Cir. 2004) (holding that, before acts are considered in determining whether the severe or pervasive requirement is met,

4

"statements and conduct must be of a sexual or gender-related nature").

With respect to the merits of her claim, because Agee relied on circumstantial evidence, the burden-shifting analysis in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applied. Ledbetter v. Goodyear Tire and Rubber Co., Inc., 421 F.3d 1169, 1185 (11th Cir.), cert. granted, 126 S.Ct. 2965 (2006). Under the McDonnell Douglas framework, Agee had the initial burden of establishing a prima facie case for her claim. McDonnell Douglas Corp., 411 U.S. at 802, 93 S.Ct. at 1824. She could establish a prima facie case for a sexual harassment claim under Title VII by showing: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc).

"Establishing that harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment includes a subjective and an objective component." Id. at 1246. To establish the subjective component, the

5

employee must "subjectively perceive" the harassing behavior as being sufficiently severe or pervasive to alter the terms or conditions of her employment.  Id.  To establish the objective component, the hostile work environment is "judged from the perspective of a reasonable person in plaintiff's position considering all of the circumstances." Id.  The four factors in making this determination are: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Id.  Ultimately, "courts should examine the conduct in context, not as isolated acts, and determine under the totality of the circumstances whether the harassing conduct is sufficiently severe or pervasive." Id.   However, "[i]nnocuous statements or conduct, or boorish ones that do not relate to the sex of the actor or of the offended party (the plaintiff), are not counted." Gupta, 212 F.3d at 583.

Assuming arguendo that Agee's "continuing violation" argument, raised for the first time in her blue brief, is properly before us, we conclude that the district court did not err in granting summary judgment.[2] See Wright v. Hanna Steel

---

[2]Agee abandoned the following claims because she failed to address them in her counseled brief on appeal: (1) the district court improperly dismissed the individuals named in her original complaint; (2) the district court erred in finding her two sexual harassment complaints unexhausted; (3) the district court erred in granting summary judgment on her retaliation claim; and (4) the district court erred in granting summary judgment on her claims under § 1981 or state law.  Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (finding an argument not raised in the initial brief on appeal abandoned).

Corp., 270 F.3d 1336, 1342 (11th Cir. 2001) (quoting the general rule that appellate courts will not consider an issue or theory that was not raised in the district court). Agee conceded that the acts alleged in her complaint were not specified in her properly exhausted EEO complaint and does not challenge the district court's findings of the conduct that was delineated in that complaint.

Procedurally, the Postal Service is correct in noting that when a properly supported motion for summary judgment is filed, and the non-moving party does not offer any evidence - or cite to evidence already in the record - to demonstrate the existence of a material issue of fact for trial, summary judgment is appropriate. Eberhardt, 901 F.2d at 1580. Because Agee submitted no evidence when opposing the Postal Service's motion, summary judgment was appropriate to the extent the EEOC complaints, Postal Service affidavits, and other documents already in the record did not make out a prima facie case.

This deficiency was present here because nothing in the record shows that Postal Service employees engaged in "severe or pervasive" conduct as contemplated by Mendoza. The district court found four instances of conduct associated with the properly exhausted EEO complaint: (1) supervisor shouted at Agee in a "dehumanizing" manner; (2) supervisor spoke to Agee in an "elevated voice;" (3) supervisor failed to intervene when Agee was "assaulted" by another

7

female employee; and (4) supervisor threatened Agee by saying "I know what I'm gonna [sic] do for you now. I'm gonna [sic] take care of you." On its face, the conduct is not sexual in nature, and Agee provided no evidence, other than conclusory allegations, to support the proposition that the properly exhausted conduct was based on her gender. Moreover, even if it were, it was not sufficiently severe or pervasive to alter the terms and conditions of her employment.

Because the properly exhausted complaint does not qualify as an actionable hostile work environment claim, and because the non-exhausted sexual harassment complaints and allegations cannot be brought within the exhausted claims, Agee's claim must fail.

Thus, we affirm the district court's grant of summary judgment.

**AFFIRMED.**